NOWAK *v.* TWIN PINES FARM DAIRY, INC.

1. Damages—Whiplash Injury—Proximate Cause—Evidence.
   Finding of trial judge that jury's award of $7,000 to woman who sustained a "whiplash injury" to neck in rear-end collision by defendant's truck, was not inadequate and had competent evidence to support it is affirmed under record which presented issue as to whether plaintiff was suffering a nervous disorder caused by the accident and jury's determination that the accident had not caused it.

2. Same—Adequacy of Verdict.
   The adequacy of the amount of a verdict is for jury and where it is not so inadequate as to shock the judicial conscience it will not be disturbed.

Appeal from Wayne; Cash (Paul R.), J., presiding. Submitted April 14, 1959. (Docket No. 52, Calendar No. 47,543.) Decided June 6, 1959.

Case by Mary Nowak against Twin Pines Farm Dairy, Inc., a Michigan corporation, and William H. Ozbun for personal injuries sustained in automobile collision. Verdict and judgment for plaintiff. Plaintiff appeals on question of adequacy of verdict. Affirmed.

References for Points in Headnotes

[1] 15 Am Jur, Damages §§ 211, 233.
Excessiveness of verdict in action by person injured for neck injuries not resulting in death. 46 ALR 1367, 102 ALR 1434, 16 ALR2d 306.
[2] 15 Am Jur, Damages §§ 204, 366.

*Maile, Leach & Silver (Howard Silver,* of counsel), for plaintiff.

*Ward, Plunkett & Cooney (Berger, Manason & Keyes,* of counsel), for defendants.

SMITH, J.   The principal question before us is the adequacy of the jury's damage award.

On May 1, 1954, Mary Nowak, plaintiff and appellant, was riding with her husband, in his automobile, in a northerly direction on Greenfield road.   While they were stopped for a traffic light the vehicle in which they were riding was struck in the rear by a truck owned by defendant Twin Pines Farm Dairy, driven by defendant William H. Ozbun.   Plaintiff's complaint alleges that she suffered what is described in the pretrial statement as "a whiplash injury," for which she sought damages.   Her action was tried with that of her husband, John Nowak, resulting in an award to her in the amount of $7,000 (although her wage loss alone, her counsel asserts, amounted to some $9,700), and to him in the amount of $2,000. Only her action is before us.   She asserts that the verdict was grossly inadequate and that "she is entitled to have the order of the trial court denying her motion for new trial set aside and the matter remanded to the trial court for an assessment of damages only," or, in the alternative, "a new trial granted."

The nature of the error complained of requires a detailed inquiry into plaintiff's physical condition both prior to the accident and subsequent thereto. Plaintiff introduced testimony that prior to the accident she was "physically and mentally stable and a hard-working person without too many complaints for amount of work she has done."   Defendants, on the other hand, produced evidence in considerable detail of prior nervousness, headaches, dizziness, change of life, degenerative arthritis, and minor in-

juries theretofore suffered. After the accident plaintiff was hospitalized on 2 occasions, was forced at times to undergo traction, and suffered "blackouts." Objective findings of trauma still persisted in December of 1954 in that there was "tenderness over the insertion of the erector muscles of the neck at the base of the skull, and there was tenderness overlying the tips of both shoulder blades." In addition, plaintiff contends that the injuries received in the May 1st accident "precipitated a mental disability," one doctor testifying that plaintiff would be suffering from a traumatic neurosis, another that she was suffering "from a condition known as psychoneurosis, post-traumatic conversion reaction, and depressive reaction." This doctor added that:

"The emotional shock of the accident, I feel, was of more importance in this case than the actual physical damages that was done as we see in these whiplash injuries. The emotional trauma aggravated her change of life, and this condition plays a role in the total picture that we see now."

It was also conceded by defendants' medical witness that "these injuries are notoriously slow to get well" (meaning "something on the order of 6 months, or thereabouts"), although a substantial number of such cases, it was testified, improve markedly, after the completion of litigation. These, and similar considerations, explain the forthright language of the trial judge, in his opinion on the motion for new trial made by plaintiff to the effect that "This case presented questions of fact as to * * * whether she [Mrs. Nowak] was malingering as to her injuries." The history of physical ailments prior to the injury and the issue as to malingering bring into sharp focus the significance of a special question asked the jury:

"Do you find that if Mary Nowak is suffering or has suffered from a nervous disorder that that disorder was caused by the accident?"

To this pregnant inquiry the jury answered "No." As the trial judge properly pointed out, Mrs. Nowak's troubles could be due to a number of factors. The court concluded:

"Taking all of these factors into consideration the jury allowed the plaintiff $7,000. I am of the opinion that this verdict is not inadequate to care for her injury.

"The verdict of $7,000 is well within the range of the testimony and there is competent evidence to support it."

We agree. As we said in *Brown* v. *Arnold,* 303 Mich 616, 627, 628, quoting the earlier case of *Campbell* v. *Brown,* 276 Mich 449, 454:

" 'The adequacy of amount of a verdict is also generally a matter for the jury. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels* v. *Smith,* 240 Mich 671. No such showing has been made, nor is the verdict so inadequate as to shock the judicial conscience. *Watrous* v. *Conor,* 266 Mich 397.' "

We find no merit in the additional claims of error. Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.