GREINKE v. YELLOW CAB COMPANY OF MUSKEGON.

1. DAMAGES—LOSS OF EARNINGS—PAIN AND SUFFERING—WHIPLASH INJURY—RECORD.

Allowance of $1,000 in nonjury case as damages for loss of earnings and pain and suffering by reason of alleged whiplash injury received in rear-end automobile collision *held*, not subject to reversal under the record presented showing that trial judge believed plaintiff had suffered but little pain and gave no credence to plaintiff's claim of extended disability.

2. APPEAL AND ERROR—NONJURY CASES.

Nonjury actions at law are not reviewed by the Supreme Court *de novo* and it takes such a glaring error by the trial court to afford occasion for reversal on a finding of fact in such a case that it can be said that the judgment, as a matter of law, is contrary to the clear preponderance of the evidence (Court Rule No 64 [1945]).

Appeal from Muskegon; Beers (Henry L.), J. Submitted November 5, 1962. (Docket No. 42, Calendar No. 49,432.) Decided December 31, 1962.

Case by Russell Greinke against Yellow Cab Company of Muskegon, a Michigan corporation, for

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Damages § 211.
    Excessive damages for neck injuries. 16 ALR2d 306.
[2] 5 Am Jur 2d, Appeal and Error §§ 839-845.

·personal injuries sustained in rear-end collision of motor vehicles. Judgment for plaintiff. Claiming inadequate damages, plaintiff appeals. Affirmed.

*Marcus, McCroskey, Finucan & Libner* (*Thomas W. Finucan,* of counsel), for plaintiff.

*Hathaway, Latimer, Clink & Robb* (*H. Winston Hathaway,* of counsel),·for defendant.

Black, J. This suit for negligence was tried to the court. Plaintiff had judgment for an allegedly inadequate amount. No question of liability is raised on appeal. Coming to the question of damages Judge Beers ruled:

"The question of what damages should be allowed is a much more difficult question.

"On the pretrial conference claim was made for medical expenses for dental work which it appears on the trial was not caused by the accident at all and was a false claim, which reduces the claimed medical expenses from $591 to $256. The presenting of this false claim affects considerably the weight to be given plaintiff's testimony and causes me to place little reliance thereon.

"He claims he had a whiplash injury to his neck. Here his testimony is supported to some extent by Dr. Mulder. However, the doctor says the symptoms are largely subjective but with some objective symptoms.

"Listening to the testimony and carefully observing these parties, I cannot but feel that plaintiff has tried to enhance his damages considerably beyond what could reasonably have been caused by this accident. I believe he could have returned to work much before he did. I also have doubts that the·extensive damage to the car could have been caused by this accident, but the evidence at least preponderates in favor of the proposition that the accident caused. the damage. That claim will be

allowed in the sum of $309.70. Medical expenses will be allowed in the sum of $256. I feel that an allowance of $1,000 will adequately compensate for loss of earnings and pain and suffering.

"This makes a total of $1,565.70 for which judgment will be entered in favor of plaintiff, with costs."

Plaintiff's motion for new or partial new trial was denied. He reviews and seeks reversal with order for a new trial, and order for jury trial of issue as to the amount of damages only.

In the recent case of *A'Eno* v. *Lowry,* 367 Mich 657, 660, a majority of the members of this Court (a) determined that the reasoning of *Fordon* v. *Bender,* 363 Mich 124 and *Mosley* v. *Dati,* 363 Mich 690, did not apply to *A'Eno's Case,* and (b) definitely committed us to the more general tests written in *Teller* v. *George,* 361 Mich 118; *Brown* v. *Arnold,* 303 Mich 616; *Griggs* v. *Saginaw & F. R. Co.,* 196 Mich 258; and *Nowak* v. *Twin Pines Farm Dairy, Inc.,* 356 Mich 548.

The relevant sum of *Teller, Brown, Griggs,* and *Nowak* is that the amount of damages allowable for pain and suffering is peculiarly a matter for appraisal and assessment by the selected trier or triers of fact and that an allegedly insufficient amount must be so niggardly as to "shock the judicial conscience." *A'Eno's Case* being currently applicable law, and the judicial conscience being somewhat of a variable ("because judges are men and men are different" [3 Cooley on Torts, 4th ed, § 481, p 389]), we are unable by majority vote to say that this case of Greinke presents a reversing shock or an irresistibly persuasive reason for holding as a matter of law* that the amount allowed is con-

---

* Whether a judgment reviewed under Court Rule No 64 (1945) is contrary to the clear preponderance of the evidence "is a question of law rather than one of fact." *Barnes* v. *Beck,* 348 Mich 286, 290, following *Jones* v. *Eastern Michigan Motorbuses,* 287 Mich 619, 648.

trary to the clear preponderance of what is printed before us. The trial judge manifestly believed that plaintiff had suffered but little pain as a result of defendant's negligence; also that the latter's claim of extended disability was worthy of no credence. Without indicating approval or disapproval of the judge's findings, we do not reverse in these circumstances. For reasons, see *Barnes, supra.*

No other question requires discussion. The judgment is affirmed, with costs to appellee.

KELLY, KAVANAGH, and OTIS M. SMITH, JJ., concurred with BLACK, J.

SOURIS, J. (*concurring*). I do not agree with Mr. Justice BLACK's analysis of our majority's opinion in *A'Eno* v. *Lowry,* 367 Mich 657. There, as here, and unlike *Fordon* v. *Bender,* 363 Mich 124, and *Mosley* v. *Dati,* 363 Mich 690, the proofs were such that the fact finders properly could conclude that some of the medical expenses claimed were not attributable to injuries received by the plaintiff in the collision involved in the litigation.

I concur in affirmance in the case at bar for the reasons stated in the last 3 sentences of the penultimate paragraph of Mr. Justice BLACK's opinion.

CARR, C. J., and DETHMERS and ADAMS, JJ., concurred with SOURIS, J.