GARRIGAN v. LaSALLE COCA-COLA BOTTLING COMPANY.

1. New Trial—Rendition of Verdict—Omissions in Record.
   Omissions in record respecting verdict given by foreman of jury in personal injury case *held,* to constitute grounds for a new trial to plaintiff who claimed verdict as recorded was not all there was awarded to him, that the verdict was grossly inadequate, and record does show the foreman had been interrupted while giving the verdict.

2. Same—Personal Injuries—Damages—Liability.
   Full new trial of all issues involved in personal injury case is ordered on reversal in second appeal rather than a trial limited to damages only, where liability for negligence on part of defendant and absence of contributory negligence is not clear.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 7, 1964. (Calendar No. 2, Docket No. 50,312.) Decided September 2, 1964.

References for Points in Headnotes
[1] 39 Am Jur, New Trial §§ 121 *et seq.,* 140–149.
[2] 39 Am Jur, New Trial §§ 21–25.

Case by William Ernest Garrigan against LaSalle Coca-Cola Bottling Company, a Delaware corporation, for personal injuries sustained in collision of motor vehicles on February 26, 1958. Verdict and judgment for plaintiff. Claiming verdict inadequate, plaintiff appeals asking partial new trial on issue of damages only. Reversed with new trial on all issues.

*H. Donald Bruce,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (Robert E. Plunkett* and *Charles T. McGorisk,* of counsel), for defendant.

SMITH, J. This is the second appeal of this case and is taken by plaintiff. First appeal was by defendant. Judgment for plaintiff was reversed January 9, 1961, on a question not involved in the present appeal; a new trial was ordered. *Garrigan* v. *La Salle Coca-Cola Bottling Co.,* 362 Mich 262. The facts are set forth in great detail in that opinion. Suffice it to say here that plaintiff's truck, loaded with 7 tons of used automobile batteries, collided with the rear of defendant's truck shortly after defendant's truck had passed plaintiff's and defendant "had rapidly decelerated to make a right turn."

In this appeal, plaintiff seeks reversal on several grounds and asks for partial new trial on the issue of damages only. His essential complaint is that the verdict was grossly inadequate. We deem it sufficient for proper disposition of this appeal to discuss 1 question only, and this question has to do with significant omissions from the record of part of the foreman's rendition of the jury verdict.

It is conceded by all that what appears in the transcript certified by the official court reporter does

not fully reflect what transpired at the time of verdict rendition. The following is what appears of record:

"*The Clerk:* What is your verdict?

"*The Foreman:* The jury has decided in favor of the plaintiff.

"*The Clerk:* In what amount, sir?

"*The Foreman:* And did you want me to give it itemized?

"*The Court:* No, I want you to give me the amount of your verdict, if you have one.

"*The Foreman:* Well, the amount of $4,024.32."

Plaintiff claims that the jury foreman stood up to give the verdict and began to read an itemization of damages. Plaintiff says the foreman read the figure $2,824.32 for medical and other expense. Claim is made further that the foreman "started to give a second figure at which time the trial court asked him to give a total figure." Plaintiff says apparently the foreman did not hear the court and continued reading a second item: loss of earnings in the amount of $1,200. On the other hand, defendant denies the claimed itemization, but concedes that the foreman "started to say something about $2,800."

The trial judge's recollection more closely approximates that of plaintiff. In the colloquy at the hearing on plaintiff's motion to correct the record and for partial new trial, the record shows the following:

"*The Court:* Well, I want the record to show that the court considers that it has a very fine reporter and as far as I know he usually has a very accurate record.

"*But I am inclined to think in this case that the foreman did say something that is not in the record.* I heard it.

"*Mr. Plunkett:* Your Honor, I will admit he had a paper in his hand.

*"The Court: I think he said what Mr. Bruce has said he said.*

*"Mr. Plunkett:* All of it, Your Honor? I don't recall that. He started to say something then he looked up and he asked, 'shall I itemize it?' Your Honor said, 'No.'

*"The Court:* I couldn't be too sure as to the exact figures that he gave, because I can't recall that. But I know—

*"Mr. Plunkett:* He started to say something.

*"The Court: —he started itemizing it and I stopped him and I think that is what accounts for our skip in the record here.*

*"Mr. Plunkett:* I don't think he mentioned any amount, Your Honor.

*"The Court:* Well, I am inclined to think that he did. * * *

*"The Court:* Well, as I say, I wouldn't be able to swear as to amounts that he gave *but I am sure that he started giving an itemized account of the verdict.*

"Mr. Bruce, I would be inclined to grant your motion to correct the record, but I don't know what to correct it to. You say it is one figure. Counsel on the other side says there was no such figure mentioned. I don't recall the figure. I remember there was some figure mentioned." (Emphasis supplied.)

Thereafter, an order was entered correcting the record to show the following:

*"The Foreman: (Reading from a paper in his hand) mentioned or started to mention some amount which the court does not remember—*

*"The Court: (Breaking in on the foreman) Just a minute, we just want the total amount of the damages. Just a minute."*

This is an honest but inadequate (under the circumstances) substitute for the actual dialogue.

Therefore, it is the consensus of the Court, painful though it may be, that under the facts of this case, such significant and conceded omissions are grounds

for a new trial. This is our reasoning. As to liability, the jury found for plaintiff. Plaintiff claimed and itemized substantial damages. Instructions upon damages were given the court. Quite obviously, the foreman attempted to itemize damages as apparently the jury had determined. That the foreman was unsuccessful in reporting the verdict by items, as intended, leaves the big question in this case unanswered. Did the jury follow instructions in arriving at the verdict? See *Fordon* v. *Bender,* 363 Mich 124. In view of several recent cases in which the question of inadequacy of damages has been decisive, it is ever more apparent that rendition of jury verdicts should be allowed to be given in the manner and form arrived at by the jury itself. A much better gauge is then available for measuring any claim of inadequacy or failure to follow instructions. See *Fordon* v. *Bender, supra. Mosley* v. *Dati,* 363 Mich 690, *A'Eno* v. *Lowry,* 367 Mich 657, *Dietz* v. *Fifty Plus Five Corporation,* 371 Mich 28.

As to plaintiff's request for partial new trial as to damages, attention is directed to the statement in the recent case of *Bias* v. *Ausbury,* 369 Mich 378, 383, as follows:

"While permitted by rule, we do not favor partial new trials, limited to damages alone. (See *Kistler* v. *Wagoner,* 315 Mich 163.)"

In *Bias* v. *Ausbury,* partial new trials as to damages were permitted because "under the peculiar facts" in that case the liability is clear. In this case, there is no such contention; therefore, a full retrial of all issues is indicated.

Reversed for new trial. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.