LAGALO v ALLIED CORPORATION

Docket No. 172606. Submitted March 5, 1996, at Grand Rapids. Decided
     August 27, 1996, at 9:05 A.M. Leave to appeal sought.

Arthur Lagalo brought an action in the Bay Circuit Court against The
     Allied Corporation and others, seeking damages for injuries suf-
     fered in an automobile accident that occurred when the brakes on
     his vehicle failed. The matter proceeded to trial against only Allied,
     manufacturer of the master brake cylinder that had been installed
     in the plaintiff's vehicle ten days before the accident, on a claim
     that alleged defective manufacture of the master cylinder under the
     alternative theories of negligence and breach of implied warranty.
     The jury found in favor of the plaintiff, finding in answer to special
     questions on the verdict form that the defendant was negligent, but
     had not breached its implied warranty. The defendant moved for a
     new trial on the basis that the jury's verdict was inconsistent and
     illogical, which the court, Lawrence M. Bielawski, J., denied. The
     defendant appealed, and the plaintiff cross appealed.

     The Court of Appeals held:

     An action seeking a recovery for injuries sustained because of an
     alleged defect in the design or manufacture of a product, whether
     based on a claim of negligence or of a breach of implied warranty,
     requires the plaintiff to prove a defect attributable to the manufac-
     turer and a causal connection between that defect and the injury or
     the damage allegedly caused by the defect. If the defendant
     breached its duty of reasonable care with respect to the manufac-
     ture of the brake cylinder, so as to be liable on a negligence theory,
     the cylinder necessarily would not be fit for its intended and antici-
     pated use, thus necessarily making the defendant liable on a theory
     of a breach of implied warranty. Because the elements of the two
     theories of recovery converge to the point of identicalness where
     the claim is based on an allegation of defective manufacture, it is
     impossible to reconcile the jury's specific finding that the defend-
     ant was negligent with its finding that the defendant had not
     breached its implied warranty. Under the circumstances, the jury's
     verdict in favor of the plaintiff must be vacated, and the matter
     must be remanded for a new trial.

     Reversed and remanded for a new trial.

PRODUCTS LIABILITY — VERDICTS — INCONSISTENT VERDICTS — NEGLIGENCE —
   BREACH OF IMPLIED WARRANTY.

The elements of the theory of recovery based on negligence and the
theory of recovery based on breach of implied warranty converge
to the point of identicalness where a claim is based on an allega-
tion of defective manufacture of a product; accordingly, it is impos-
sible to reconcile a jury's specific finding that a defendant was neg-
ligent with respect to the manufacture of a product with a finding
that the defendant had not breached its implied warranty with
respect to that product.

*Mark Granzotto* and *John Walt*, for the plaintiff.

*Kell & Lynch, P.C.* (by *M. V. Kell, Margaret A. Lynch,* and *Jose L. Patino*), for the defendant.

Before: SAAD, P.J., and MCDONALD and M. A. CHRZA-NOWSKI,* JJ

SAAD, P.J. Defendant appeals, and plaintiff cross appeals, from an order of judgment entered on a jury verdict in this products liability case. Although the parties both raise numerous arguments, one issue is dispositive, and we need not address the other issues. We vacate the jury verdict and remand for a new trial.

I

FACTS

On October 21, 1995, the brake indicator light came on in plaintiff's 1982 Chevette. Plaintiff went first to a Midas repair shop, where he was told that the master brake cylinder was faulty, and then to a Muffler Man repair shop, where he was told the same thing. Muffler Man then replaced the master cylinder. Ten days later, while driving his 1982 Chevette, plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

approached a "T" intersection, the brakes failed, and plaintiff suffered injuries as a result of a collision.

Although numerous defendants were originally named, plaintiff proceeded to trial against The Allied Corporation, the manufacturer of the master cylinder. Plaintiff alleged defective manufacture of the master cylinder under the alternative theories of negligence and breach of implied warranty. The jury found in favor of plaintiff, completing the verdict form in relevant part as follows:

> 1(a) Was the defendant negligent?
> ANSWER: Yes.
> 1(b) Did defendant breach its implied warranty?
> ANSWER: No.

Defendant argues that, under the facts of this case, this verdict is illogical and hopelessly inconsistent and that the trial court committed error requiring reversal of its decision when it failed to grant a new trial in response to defendant's motion. We agree.

II

ANALYSIS

The general rule is that where a verdict in a civil case is inconsistent and contradictory, it will be set aside and a new trial will be granted. *Clark v Seagrave Fire Apparatus, Inc*, 170 Mich App 147, 150-151; 427 NW2d 913 (1988). Ordinarily, a verdict may and should be set aside and a new trial should be granted where the verdict is self-contradictory, inconsistent, or incongruous, and such relief should, as a rule, be granted where more than one verdict is returned in the same action and they are inconsistent and irreconcilable. *Id.; Harrington v Velat*, 395 Mich

359, 360; 235 NW2d 357 (1975), quoting 66 CJS, New Trial, § 66, pp 197-198. However, every attempt must be made to harmonize a jury's verdicts; the verdicts should be disturbed only where they are "so logically and legally inconsistent that they cannot be reconciled." *Granger v Fruehauf Corp*, 429 Mich 1, 9; 412 NW2d 199 (1987). If there is an interpretation of the evidence that provides a logical explanation for the findings of the jury, the verdict is not inconsistent. *Id.* at 7. Here, defendant argues that a verdict imposing liability under a negligence theory, but not under an implied warranty theory, is logically inconsistent.

To prove a breach of implied warranty, a plaintiff must show that the product left the manufacturer in a defective condition and that the defect caused the plaintiff's injuries. *Jodway v Kennametal, Inc*, 207 Mich App 622, 629; 525 NW2d 883 (1994). Our Supreme Court has noted the similarity between this test and that for negligence:

> Like the courts in every other state, whether a suit is based upon negligence or implied warranty, we require the plaintiff to prove that the product itself is actionable—that something is wrong with it that makes it dangerous. This idea of "something wrong" is usually expressed by the adjective "defective" and the plaintiff must, *in every case, in every jurisdiction*, show that the product was defective. [*Prentis v Yale Mfg Co*, 421 Mich 670, 683; 365 NW2d 176 (1984) (emphasis in original).]

When both theories are premised on a claim of *improper design*, "the legal elements of the two theories converge to the point of identicalness; proofs that suffice for one theory will suffice for the other." *Reeves v Cincinnati, Inc*, 176 Mich App 181, 184; 439 NW2d 326 (1989). The same is true where the plaintiff

alleges that the manufacturer breached a *duty to give a warning. Id.* However, plaintiff argues that the theories of negligence and implied warranty do not converge where, as here, the claim is one of *defective manufacture.*

The primary difference between the two theories is that "the negligence theory generally focuses on the defendant's conduct, requiring a showing that it was unreasonable, while warranty generally focuses upon the fitness of the product, irrespective of the defendant's conduct." *Prentis, supra* at 692. This Court has stated:

> The key appears to lie in the term defect. When proceeding under a theory of negligence, the element of defect is established by proofs that the manufacturer failed to do what a reasonably prudent person would do or did what a reasonably prudent person would not have done under the circumstances. Under implied warranty imposed by law a defect is established by proof that the product is not reasonably fit for the use intended, anticipated or reasonably foreseeable. [*Dooms v Stewart Bolling & Co*, 68 Mich App 5, 14; 241 NW2d 738 (1976).]

In *Prentis, supra* at 692-693 (which was a design defect case, rather than a defective manufacture case, as in the instant case), the Court explained how the distinction between a negligence claim and an implied warranty claim can disappear:

> A manufacturer has a duty to design its product so as to eliminate any unreasonable risk of foreseeable injury. *Owens v Allis-Chalmers Corp*, 414 Mich 413, 425; 326 NW2d 372 (1982). For the lack of reasonable care in the face of such duty, the manufacturer may be answerable in a negligence action. *Elsasser v American Motors Corp*, 81 Mich App 379, 384; 265 NW2d 339 (1978). When proceeding under a theory of implied warranty, a design defect is established

by proof that the product is not reasonably safe for the uses intended, anticipated, or reasonably foreseeable. *Dooms v Stewart Bolling & Co*, 68 Mich App 5, 14; 241 NW2d 738 (1976), lv den 397 Mich 862 (1976). For the sale of a product defective in such respect, the seller may be answerable for breach of an implied warranty. *Elsasser, supra.* Thus, when the issue is liability of a manufacturer who was also the seller, it is inconceivable that a jury could determine that the manufacturer had not breached its duty of reasonable care and at the same time find that the product was not reasonably safe for its reasonably foreseeable uses. The question in either case turns on reasonable care and reasonable safety, and as pointed out by Dean Prosser, the liability of the manufacturer rests "upon a departure from proper standards of care so that the tort is essentially a matter of negligence."

This same logic applies to a claim premised upon an alleged manufacturing defect, as in the instant case. In a negligent manufacture claim, a plaintiff must show that the manufacturer failed to manufacture its product so as to eliminate any unreasonable risk of foreseeable injury; a "defect" can be shown if the product is not reasonably fit for its intended, anticipated, or reasonably foreseeable use. *Fabbrini Family Foods, Inc v United Canning Corp*, 90 Mich App 80, 92; 280 NW2d 877 (1979); *Rutherford v Chrysler Motors Corp*, 60 Mich App 392, 400; 231 NW2d 413 (1975). In an implied warranty claim, a plaintiff must show that "the product left the manufacturer in a defective condition, and that the defect caused the plaintiff's injuries." *Jodway, supra* at 629.

Whether proceeding under a negligence theory or a breach of warranty theory, and whether the alleged defect is one of design or of manufacturing, the plaintiff "must prove a defect attributable to the manufacturer and causal connection between that defect and

the injury or damage of which he complains." *Caldwell v Fox*, 394 Mich 401, 410; 231 NW2d 46 (1975), quoting *Piercefield v Remington Arms Co, Inc*, 375 Mich 85, 98-99; 133 NW2d 129 (1965). The plaintiff must show that "the product itself is actionable—that something is wrong with it that makes it dangerous." *Prentis, supra* at 683. Under the facts of this case, however, if defendant's product was actionable, it was actionable under both theories. That is, if defendant breached its duty of reasonable care by manufacturing a defective master cylinder that caused plaintiff's accident, then necessarily the master cylinder was not fit for its intended and anticipated use. Conversely, if the cylinder was not defective under the implied warranty—i.e., if it was reasonably safe for its intended use—then defendant did not breach its duty of reasonable care.

We have carefully reviewed the cases upon which plaintiff relies in support of his argument that the two responses noted on the jury verdict form are consistent. We find inapposite *Granger v Fruehauf Corp*, 429 Mich 1; 412 NW2d 199 (1987), in which our Supreme Court upheld seemingly inconsistent jury verdicts that the defendant was negligent, but did not breach its implied warranty of fitness. There, the defendant had originally manufactured and sold the trailer and then later regained possession of it before reselling it "as is" to the plaintiff's employer. As the Court noted, the jury's verdicts could be reconciled—the jury could have found that, in the intervening sale, the "as is" disclaimer negated any claim for breach of warranty, but that the defendant was negligent in the original design of the trailer. *Id.* at 7. Here, however, defendant's manufacture and sale of the master cylin-

der were part of the same transaction for purposes of tort liability; both of plaintiff's theories turned on defendant's actions at the time it manufactured the cylinder and sold it to Muffler Man.

We believe that the Court in *Awedian v Theodore Efron Mfg Co*, 66 Mich App 353; 239 NW2d 611 (1976), reached the incorrect result. In *Awedian*, the plaintiff sued the manufacturer of a glass bathtub door through which he had accidentally thrust his arm. The jury found the manufacturer liable on a negligence theory, but not on a breach of warranty theory. Affirming these verdicts against the manufacturer's claim that they were irreconcilably inconsistent, the *Awedian* Court stated:

> A review of Michigan case law, most notably the seminal case of *Spence v Three Rivers Builders and Masonry Supply, Inc*, 353 Mich 120; 90 NW2d 873 (1958), and the significant analysis of *Cova v Harley Davidson Motor Co*, 26 Mich App 602; 182 NW2d 800 (1970), clearly demonstrates that negligence and implied warranty are theories different in both legal content and factual requisites. In *Spence*, the Supreme Court analyzed past precedent and specifically rejected language which indicated that the theories were identical. The Court held that recovery should have been granted "either on a theory of negligence *or* implied warranty." 353 Mich at 135. (Emphasis supplied.)
>
> In *Cova*, this Court emphasized the differing proof required. Through now Justice LEVIN, we stated that, in warranty theory, either the contractual warranty or tort warranty of fitness, a plaintiff need not prove negligence to recover. 26 Mich App at 611-612. In warranty theory, a plaintiff need not show negligence but must show the existence of a defect and a causal relationship to the injury. Under negligence theory, a plaintiff must show the existence of a duty, the breach of that duty and a causal relationship between the breach and the injury. Thus, the theories may be plead [sic] together, and a failure to recover on

one does not preclude recovery on the other. [*Id.* at 355-356.]

A review of *Spence* and *Cova,* however, reveals that the *Awedian* Court misunderstood the import of these cases.

In *Spence,* the plaintiff sued the manufacturer of certain cinder blocks, but there was no privity of contract between the plaintiff and the manufacturer of the blocks. The Court noted that past Michigan cases provided some "authority for treating actions of this kind based on implied warranty by the manufacturer as though they were explicitly grounded upon negligence." *Spence, supra* at 130. The modern trend in other jurisdictions, said the Court, was "to permit recovery by remote vendees against the manufacturer whether the action sounds in negligence or on an implied warranty or both." *Id.* at 132. Thus, the *Spence* Court did make the statement quoted in *Awedian:* "[W]e think [the trial court] should have permitted recovery either on a theory of negligence or implied warranty." *Id.* at 135. The Court's focus, however, was not the differentiation between the two theories, as *Awedian* suggests, but rather the availability of both theories regardless of privity.[1]

In *Cova,* the other case referenced in *Awedian,* the purchasers of certain golf carts sued the manufacturer of the carts, alleging breach of an implied warranty of quality. *Cova, supra* at 603. The trial court in

---

[1] Indeed, the *Spence* majority's only express distinction between the two theories was that "the burden of proof might in some cases be more onerous in [a negligence action]," *Spence, supra* at 131, a statement that fits perfectly with the fact that a negligence action requires proof of the manufacturer's fault, whereas an action in implied warranty requires only a showing of a defect.

*Cova* dismissed the complaint, ruling that a plaintiff cannot premise a claim for solely economic damages on a breach of warranty theory. *Id.* at 603-604. This Court reversed, holding that a plaintiff so situated may proceed under either a negligence or a warranty theory. As the *Awedian* Court observed, the *Cova* Court did restate the primary difference between a negligence action and one brought for breach of an implied warranty: under the latter theory, the plaintiff need not show negligence. *Id.* at 611-612. The *Cova* Court said nothing, however, that logically implied the sweeping legal conclusion reached in *Awedian* ("Thus, . . . a failure to recover on one [theory] does not preclude recovery on other." *Awedian, supra* at 353).

We also reject plaintiff's attempt to harmonize the jury verdicts by arguing that the master cylinder could have been in good working order when it left defendant's control, but subsequently could have been rendered unsafe ten days later. This distinction is illusory. Whether an action is based on negligence or breach of implied warranty, the plaintiff must show that the defect existed at the time the product left the manufacturer. *Manzoni v Detroit Coca-Cola Bottling Co*, 363 Mich 235, 241-242; 109 NW2d 918 (1961); *Reeves v Cincinnati, Inc, supra* at 184. Thus, in this case, if defendant was *negligent*, then the master cylinder was defective when it left defendant's control— by definition then, defendant breached its *implied warranty*.

We are unable to reconcile these jury verdicts. The jury verdict is vacated, and, therefore, the matter is remanded for a new trial. The remaining issues raised by both parties are denied as moot.

Reversed and remanded for a new trial. We do not retain jurisdiction.