LAGALO v ALLIED CORPORATION (ON REMAND)

Docket No. 172606. Submitted June 24, 1998, at Lansing. Decided January 22, 1999, at 9:10 A.M.

Arthur Lagalo brought an action in the Bay Circuit Court against The Allied Corporation and others, seeking damages for injuries suffered in an automobile accident that occurred when the brakes on his vehicle failed. The matter proceeded to trial against only Allied, manufacturer of the master brake cylinder that had been installed in the plaintiff's vehicle ten days before the accident, on a claim alleging defective manufacture of the master cylinder under the alternative theories of negligence and breach of implied warranty. The jury found in favor of the plaintiff, finding in answer to special questions on the verdict form that the defendant was negligent, but had not breached its implied warranty. The defendant moved for a new trial on the basis that the jury's verdict was inconsistent and illogical. The court, Lawrence M. Bielawski, J., denied the motion. The defendant appealed, and the plaintiff cross appealed. The Court of Appeals reversed and remanded for a new trial on the ground that the jury's verdict was irreconcilable. 218 Mich App 490 (1996). Finding that its decision rendered the remaining issues moot, the Court of Appeals did not address them. The Supreme Court reversed the judgment of the Court of Appeals, finding the jury's verdict not logically inconsistent or irreconcilable. The Court also remanded the matter to the Court of Appeals for consideration of the other issues raised on appeal. 457 Mich 278 (1998).

On remand, the Court of Appeals *held*:

1. The court did not abuse its discretion in preventing the defendant from introducing into evidence as part of its case in chief a copy of a certificate issued by the state indicating that a mechanic who examined the vehicle's brake system after the accident was certified as a brakes and braking systems mechanic. Although the defendant had already asked the mechanic during cross-examination if he was certified in the area of brakes at the time of the inspection and the witness answered that he was, the defendant had not given the witness an opportunity to explain an apparent discrepancy arising from the fact that the certification indicated that the mechanic did not receive the certification until three months after the inspection. The evidence was not related to

any material trial issue and was impeachment evidence, not substantive evidence. A witness may not be impeached by contradiction on matters that are purely collateral. The witness' certification was a collateral matter not related to any issue in the case.

2. The court properly gave SJI2d 6.01(d). The evidence supported a finding that the defendant had control of the master brake cylinder after the accident. SJI2d 6.01(d) allows an inference that the evidence would have been adverse where the party controlling the evidence has failed to produce it.

3. The court properly reduced the plaintiff's future damages to present cash value using a simple rate of interest instead of a compound rate of interest.

4. The court properly applied the collateral source rule to the entire past damages award where the award for past damages and the plaintiff's past medical expenses were exactly the same and the plaintiff's automobile insurer had already paid the medical expenses.

5. Although the law recognizes as inadequate a damages award that ignores uncontroverted evidence that the plaintiff had pain and suffering as a result of the defendant's conduct, the remedy sought by the plaintiff, a new trial with regard to the issue of damages only, is permissible only where a defendant's liability is clear. Here, the defendant's liability is not clear.

Affirmed.

1. WITNESSES — IMPEACHMENT — COLLATERAL MATTERS.

A witness may not be impeached by contradiction on matters that are purely collateral; whether a matter is collateral depends on the issue in the case.

2. WITNESSES — IMPEACHMENT — EXTRINSIC EVIDENCE.

Extrinsic evidence may not be used to prove specific instances of a witness' conduct for the purpose of attacking the witness' credibility (MRE 608[b]).

3. EVIDENCE — PARTY'S FAILURE TO PRODUCE.

SJI2d 6.01(d) allows a permissible inference that evidence would have been adverse to the party having control of the evidence where that party fails to produce the evidence; the jury may infer that the evidence would have been adverse to the party, but is not required to make such an adverse inference.

4. DAMAGES — FUTURE DAMAGES — PRESENT CASH VALUE — INTEREST.

Future damages awarded under MCL 600.6306(1)(c),(d); MSA 27A.6306(1)(c),(d) are to be reduced to present cash value using a simple rate of interest.

5. DAMAGES — PAST DAMAGES — COLLATERAL SOURCE RULE.

    The collateral source rule may be applied in a products liability action to reduce the jury's past damages award to zero where the amount awarded for past damages is identical to the amount of the plaintiff's past medical expenses and the plaintiff's past medical expenses have already been paid by the plaintiff's insurer.

6. APPEAL — DAMAGES — INADEQUATE AWARDS — NEW TRIALS.

    A damages award that ignores uncontroverted evidence that the plaintiff had pain and suffering as a result of the defendant's conduct is inadequate; however, a new trial with regard to the issue of damages only may not be granted unless the defendant's liability is clear.

*Mark Granzotto* and *John Walt*, for the plaintiff.

*Kell & Lynch, P.C.* (by *M. V. Kell, Margaret A. Lynch*, and *Jose L. Patino*), for the defendant.

ON REMAND

Before: SAAD, P.J., and MCDONALD and HOOD, JJ.

SAAD, P.J. Previously, defendant appealed and plaintiff cross appealed from an order of judgment entered on a jury verdict in this products liability case. We reversed and remanded for a new trial on the ground that the jury's verdict was irreconcilable. 218 Mich App 490; 554 NW2d 352 (1996). Our decision rendered the remaining issues moot, and we did not address them. Our Supreme Court, 457 Mich 278; 577 NW2d 462 (1998), has reversed our decision and remanded for consideration of the remaining issues. We affirm.

I. FACTS

The facts of this case are reported in full at 218 Mich App 490. Briefly stated, a Muffler Man repair shop replaced the master brake cylinder in plaintiff's 1982 Chevette, installing a new master cylinder manufactured by defendant's predecessor. Ten days later,

plaintiff's brakes failed, causing an accident in which plaintiff suffered injuries. Plaintiff sued defendant on theories of negligence and breach of implied warranty. The jury found negligence, but no breach of implied warranty. The trial court entered a judgment. On appeal, defendant challenges the verdict on grounds of evidentiary error, instructional error, and improper reduction of future damages to present value. Plaintiff cross appeals, also claiming error in the reduction of future damages and the court's application of the collateral source rule.

II

Defendant claims that the trial court erroneously precluded it from introducing into evidence as part of its case in chief a copy of a certificate issued by the state stating that Richard Schlink, a Muffler Man mechanic, was certified as a brakes and braking systems mechanic. We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Davidson v Bugbee*, 227 Mich App 264, 266; 575 NW2d 574 (1997).

Richard Schlink testified that he examined the brake system in plaintiff's car and concluded that the master cylinder had been properly installed, but that the cylinder was defective. During cross-examination of Schlink, defendant asked whether Schlink had been certified in the area of brakes at the time of the inspection. Schlink replied that he was. Defendant waited until the presentation of its case in chief to attempt to introduce the certificate, which indicated that Schlink did not receive this certification until three months after the inspection. The trial court ruled that this was impeachment evidence and would

not permit defendant to introduce it because Schlink had not been given an opportunity to explain the discrepancy.

We find no abuse of discretion in this ruling. The only apparent purpose of the certification evidence was to cast doubt on Schlink's credibility and credentials. It was not related to any material trial issue. Thus, it was not substantive evidence, but impeachment evidence. *McMiddleton v Otis Elevator Co*, 139 Mich App 418, 425-426; 362 NW2d 812 (1984). It is a "well-settled rule that a witness may not be impeached by contradiction on matters which are purely collateral." *Cook v Rontal*, 109 Mich App 220, 229; 311 NW2d 333 (1981). Whether a matter is collateral "depends upon the issue in the case." *Id.* Schlink's certification for brake work was a collateral matter, because it was not related to any issue in the case. The trial court must weigh the benefit of extrinsic impeachment evidence "against countervailing factors such as whether admission will result in or cause undue prejudice, confusion, surprise and the like . . . ." *Id.* In this case, the trial court decided that the witness would be unfairly prejudiced if not given the opportunity to respond or explain the discrepancy. Additionally, evidence rules do not allow extrinsic evidence to be used to prove specific instances of a witness' conduct for the purpose of attacking the witness' credibility. MRE 608(b). Under these circumstances, we cannot say that this ruling was an abuse of discretion. Furthermore, even if there had been error, the error would be harmless, because another

witness, Thomas Christianson, gave identical testimony regarding the cause of the brake failure.

### III

During the trial, defendant did not produce the brake cylinder as evidence. The trial court gave jury instruction SJI2d 6.01(d), which reads in relevant part:

> You may infer that this evidence would have been adverse to the [*plaintiff/defendant*] if you believe that the evidence was under the control of the [*plaintiff/defendant*] and could have been produced by [*him/her*], and no reasonable excuse for [*plaintiff's/defendant's*] failure to produce the evidence has been shown.

Defendant argues that giving this instruction was error because the evidence did not support findings that the evidence was under its control or that defendant intentionally withheld or destroyed the cylinder.

We review jury instructions for abuse of discretion. *Colbert v Primary Care Medical, PC*, 226 Mich App 99, 103; 574 NW2d 36 (1997). Jury instructions must accurately state the law and must be warranted by the evidence presented. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 515; 556 NW2d 528 (1996), aff'd 458 Mich 582; 581 NW2d 272 (1998).

Contrary to defendant's assertion, the evidence supported a finding that defendant had control of the master cylinder. Testimony established that the Muffler Man shop returned the cylinder to the H & H Wheel Service Bay City, Inc., where Muffler Man bought it, and that H & H's standard practice was to return the defective part to the Bendix facility in Ten-

nessee. This testimony supported a finding that the cylinder was under the control of Bendix (later defendant).

Defendant also argues that giving SJI2d 6.01(d) was inappropriate because there was no evidence to establish that it had wilfully destroyed or withheld the evidence. Defendant's argument is premised on *Trupiano v Cully,* 349 Mich 568, 570; 84 NW2d 747 (1957), wherein our Supreme Court stated:

> "It is a general rule that the intentional spoliation or destruction of evidence raises the presumption against the spoliator where the evidence was relevant to the case or where it was his duty to preserve it, since his conduct may properly be attributed to his supposed knowledge that the truth would operate against him." 20 Am Jur, Evidence, § 185, p 191.

> The full section continues, however:

> "Such a presumption can be applied only where there was intentional conduct indicating fraud and a desire to destroy and thereby suppress the truth."

*Trupiano* thus stands for the proposition that the *presumption* that nonproduced evidence would have been adverse applies only where there is evidence of intentional fraudulent conduct and intentional destruction of evidence. In contrast, SJI2d 6.01(d) allows only for a permissible *inference* that the evidence would have been adverse. The Supreme Court explained the difference in *Widmayer v Leonard,* 422 Mich 280, 289; 373 NW2d 538 (1995):

> [T]he function of a presumption is solely to place the burden of producing evidence on the opposing party. It is a procedural device which allows a person relying on the presumption to avoid a directed verdict, and it permits that

person a directed verdict if the opposing party fails to introduce evidence rebutting the presumption.

Almost all presumptions are made up of permissible inferences. Thus, while the presumption may be overcome by evidence introduced, the inference itself remains and may provide evidence sufficient to persuade the trier of fact even though the rebutting evidence is introduced.

In other words, an unrebutted presumption would *require* the finder of fact to conclude that the unproduced evidence would have been adverse. SJI2d 6.01 merely *permits* an inference that it would have been adverse; the jury is free to decide for itself. As this Court stated in *Brenner v Kolk*, 226 Mich App 149, 155-156; 573 NW2d 65 (1997), "SJI2d 6.01 states that a jury 'may infer that the evidence would have been adverse to' plaintiff. Because 'may' is a permissive term, the jury would not have been required to make such an adverse inference." We therefore hold that SJI2d 6.01 properly allows an inference that the evidence would have been adverse where the party controlling the evidence has failed to produce it, whereas *Trupiano* allows a presumption only where there is evidence of wilful fraud or destruction. Defendant's claim of instructional error therefore fails.

IV

Defendant claims that the trial court erroneously reduced future damages to present value using a simple rate of interest. Defendant argues that MCL 600.6306(1)(c) and (d); MSA 27A.6306(1)(c) and (d), which require reduction of future damages to "gross present cash value," require use of a compound rate of interest. Our Supreme Court held in *Nation v W D E Electric Co*, 454 Mich 489, 498-499; 563 NW2d 233 (1997), that the reduction should be computed using

the simple interest rate. The trial court correctly used simple interest.

We now turn to plaintiff's cross appeal issues.

V

Plaintiff introduced evidence that he had sustained $78,021.98 in past medical expenses. Plaintiff and defendant stipulated a verdict form that required the jury to calculate past and future damages separately, but did not require them to separate economic damages from noneconomic damages. The jury awarded plaintiff $78,021.98 in past damages and $2,476,786 in future damages. Because the figures for past damages and plaintiff's medical bills were identical, the trial court determined that the award for past damages could only be interpreted as an award for medical bills. Because plaintiff's automobile insurer had already paid the medical bills, the court applied the collateral source rule and reduced the past damages award to zero.

Plaintiff argues that the trial court abused its discretion in "speculating" that the past damages award was entirely based on economic damages. Plaintiff inaccurately characterizes the trial court's action as "speculation." The trial court's decision was not arbitrary; there was no other logical explanation why the past damages figure precisely equaled the past medical expenses. Similarly, in *Weller v Mancha*, 353 Mich 189; 91 NW2d 352 (1958), the Michigan Supreme Court concluded that a jury's damages award must have been based entirely on the stipulated special damages because the two figures were identical. *Id.* at 195-196. We therefore find nothing improper in the trial court's determination that the collateral source

rule should be applied to the entire past damages award.

Alternatively, plaintiff argues that if the entire past damages award can be attributable entirely to his past medical bills, then the jury ignored uncontroverted evidence of pain and suffering and rendered an inadequate verdict. Plaintiff requests a new trial with regard to the issue of damages.

Michigan law recognizes that a damages award that ignores uncontroverted evidence that a plaintiff had pain and suffering as a result of the defendant's conduct is inadequate. *Weller, supra; Fordon v Bender*, 363 Mich 124, 125-126; 108 NW2d 896 (1961); *Cooper v Christensen*, 29 Mich App 181, 184; 185 NW2d 97 (1970). However, the remedy plaintiff seeks is a new trial with regard to the issue of damages only. This is permissible only where a defendant's liability is clear. *Garrigan v LaSalle Coca-Cola Bottling Co*, 373 Mich 485, 489; 129 NW2d 897 (1964); *Brewster v Martin Marietta Aluminum Sales, Inc*, 145 Mich App 641, 669; 378 NW2d 558 (1985); *Trapp v King*, 374 Mich 608, 611; 132 NW2d 640 (1965); *Bias v Ausbury*, 369 Mich 378, 383; 120 NW2d 233 (1963). Here, defendant's liability was not clear. There was evidence from which another jury might have concluded that the brake cylinder was in acceptable condition, but the Muffler Man shop improperly installed it. Under these circumstances, we cannot order a new trial with regard to the issue of damages alone.

VI

In his final issue, plaintiff claims that the trial court should not have reduced the future damages award to present value because the parties had stipulated that

such a reduction would not be made. Plaintiff alleges that this stipulation was made off the record, during a conference in the trial court's chambers. Because there is no record, this Court is unable to review this issue. *Admiral Ins Co v Columbia Casualty Ins Co*, 194 Mich App 300, 305; 486 NW2d 351 (1992).

We also decline to remand for an evidentiary hearing regarding this issue. Plaintiff and defendant have already presented to the trial court their interpretations of the in-chambers conference. The trial court concluded that it could not "say with certainty that defendant did waive its right to have future damages reduced to present cash value . . . ." Under these circumstances, we cannot see how an evidentiary hearing would serve any purpose.

Affirmed.