## DOWAGIAC MANUFACTURING CO. *v.* SCHNEIDER.

1. CONTRACTS—CONSTRUCTION—ACCORD AND SATISFACTION.
   It was a question for the court, not for the jury, whether the effect of a written contract for the purchase of agricultural implements to be resold, that contained the words "this contract to replace one made earlier in season," was to supersede the previous agreement.

2. SAME—EVIDENCE—COMPROMISE AND SETTLEMENT.
   And evidence showing that the plaintiff in written correspondence treated the second contract as controlling the liability of the defendant, justified the trial court in determining, as a matter of law, that the first agreement was superseded.

3. SAME—SALES—ACCEPTANCE.
   Defendant's claim that he had not accepted the machines shipped to him under a contract of purchase was correctly submitted to the jury, plaintiff having requested the court to charge the jury relative to the contention.

4. WITNESSES—PRESUMPTIONS—FAILURE TO PRODUCE.
   In an action for the price of certain agricultural machinery, the trial court did not err in charging that the jury might consider the failure of plaintiff to produce a material witness in its employ, as tending to show that his testimony would be unfavorable.

5. APPEAL AND ERROR—EXCEPTIONS—SAVING QUESTIONS FOR REVIEW.
   On error an exception is necessary to review the action of the trial court in submitting a special question to the jury.

6. DAMAGES—CONTRACTS—SALES—PLEADING—ASSUMPSIT.
   Under a declaration in assumpsit and bill of particulars claiming the value of certain machinery delivered to defendant, plaintiff could not, at the trial, seek a recovery for liquidated damages as stipulated in the contract of sale.

Error to Macomb; Tucker, J. Submitted April 20, 1914. (Docket No. 78.) Decided July 24, 1914.

Assumpsit by the Dowagiac Manufacturing Com-

pany against Leonard Schneider for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Affirmed.

*Alfred J. Mills,* for appellant.

*O. C. Lungerhausen,* for appellee.

BROOKE, J. The plaintiff is a manufacturer of agricultural implements. The defendant is a dealer in such implements in Macomb county, Mich. On the 27th day of December, 1907, a contract was entered into between the parties by the terms of which the defendant agreed to buy plaintiff's grain seeding machinery for the purpose of resale in certain specified territory. Under this contract plaintiff shipped to defendant two machines about February, 1908. On July 10, 1908, a new contract was entered into between the parties differing in some respects from the earlier one, and certain other machines were shipped by plaintiff to defendant thereunder, on August 13, September 10, and September 11, 1908. Upon said contract and underneath the signatures of the parties there is written the following: "This contract to replace one made earlier in season." One of the warranties contained in said contract is as follows:

"That drills and seeders when correctly set up and properly operated will do as good work as any other make of same kind."

The total amount of the value of the machinery shipped, as shown by plaintiff's demand, was $448, for which suit was brought. Defendant filed a plea of the general issue and gave notice thereunder of set-off and recoupment growing out of the alleged breach of warranty. The defendant gave testimony tending to show that he had sold three of said drills and had negotiated the sale of the other three, but that by reason of the breach of warranty contained

in said contract the machines he had disposed of were returned to him and he was unable to make a sale of the others. The testimony tends strongly to establish the fact that the machines were weak in construction and utterly unreliable in operation. It appears to have been defendant's contention upon the trial that, under the guaranty in the contract and the instructions of plaintiff's agent, he should have an opportunity to make a reasonable test of the machines in question before acceptance according to the usages of the trade. The court submitted the case to the jury upon two theories:

*First,* that if the jury found that the defendant had not accepted the goods in question, the verdict should be no cause of action.

*Second,* that if they found by a preponderance of the evidence that defendant had accepted the goods, they should determine what damages, if any, defendant had sustained by reason of the alleged breach of warranty.

The verdict of the jury was in favor of the defendant of no cause of action, evidently based upon the theory that the defendant had not accepted the goods.

The first assignment of error argued by plaintiff in its brief relates to the charge of the court to the effect that the contract of July 10, 1908, superseded the contract of December 23, 1907, and that all machinery shipped was governed by that contract; it being the claim of plaintiff that this question was one of fact and not one of law. The agreement was in writing, and its legal effect was for the determination of the court. *Wenzel* v. *Kieruj,* 168 Mich. 92 (133 N. W. 921), and cases there cited. This point becomes immaterial in any event when it is remembered that on April 5, 1909, plaintiff wrote to defendant a letter in which the following occurs:

"I have an account against you of $448.00 representing shipments of goods to you in 1908, March

17th, Aug. 13th, Sept. 10th and Sept. 11th, the conditions of the transaction being covered by a certain contract of date, July 10, 1908."

Plaintiff itself obviously understood the underwriting upon the contract of July 10th to control the shipments under the earlier contract.

The second point argued by defendant is that the defense of a want of acceptance of the machines was not available to the defendant under the general issue. An examination of the record fails to disclose that any exception was taken thereto, nor is the argument based upon any assignment of error. Plaintiff at the trial evidently considered the question of acceptance was properly in the case for it submitted the following request to charge:

"If you find from the evidence that this claim of the defendant, Leonard Schneider, is true, and that he has not accepted the goods shipped, or that he has refused to accept any goods ordered and shipped, then I instruct you that said defendant is, as a matter of law, liable to the plaintiff under the stipulated damage clause of the contract for 30 per cent. of the price of said goods."

It is next urged that the court erred in giving to the jury the following instruction:

"It appears that Mr. Miller, the agent of the company, is still in its employ and under its control. The plaintiff has not produced him, although he appears to be a material witness, if plaintiff's claims are true. You are at liberty to give the fact of the failure of plaintiff to produce this witness such force as you may see fit to presume that his testimony would not be favorable to plaintiff."

This instruction was warranted under *Cooley* v. *Foltz*, 85 Mich. 47 (48 N. W. 176), and *Vergin* v. *City of Saginaw*, 125 Mich. 499 (84 N. W. 1075).

Plaintiff next urges that the court erred in submitting a special question to the jury, as follows:

"Did the plaintiff receive the letter of September 16, 1908, which defendant claims he had Charles Hummrich write for him and which he says he mailed to the company?"

This question was answered in the affirmative by the jury. If the submission of this question was erroneous, we are unable to see in what respect it was prejudicial to plaintiff; but, in any event, it was submitted without objection on the part of the plaintiff, and we find no exception in the record upon which plaintiff may predicate an argument.

In the contract of July 10th further underwriting is found to the following effect:

"It is agreed that if second party shall countermand this order, in whole or in part, or refuse to accept any goods ordered and shipped, he, or they, shall immediately pay as liquidated damages a sum equal to 30 per cent. of the list price hereon of such goods. This agreement is not to be construed as a waiver by first party of any rights under the within contract."

After the verdict of the jury had been rendered, counsel for plaintiff moved the court to enter judgment on the verdict which was evidently based upon the theory of nonacceptance of the machinery by the defendant, for the sum of $134.40; evidently upon the theory that plaintiff was entitled to this sum under the liquidated damage clause of the contract above set forth. A sufficient reply to this contention may be found, we think, in the observation that plaintiff's suit was not based upon the theory of an attempt to recover liquidated damages under the contract, but under the declaration and bill of particulars was a straight suit in assumpsit to recover the full value of the machinery sold by the plaintiff delivered to and accepted by the defendant. By their verdict the jury determined that the contract had been breached by the plaintiff and not by the defendant. We are of

opinion that plaintiff's motion upon this point was properly refused.

We find no error in the proceedings, and the judgment is affirmed.

MCALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.