TRUPIANO *v.* CULLY.

1. Evidence—Intentional Spoliation—Presumptions.
   The intentional spoliation or destruction of evidence raises a rebuttable presumption against the spoliator where the evidence was relevant to the case or where it was his duty to preserve it, since his conduct may properly be attributed to his supposed knowledge that the truth would operate against him.

References for Points in Headnotes

[1–3] 20 Am Jur, Evidence §§ 185, 193.
[1–3] Adverse inference from failure of party to produce available witness or evidence, as affirmative or substantive proof. 70 ALR 1326.
[4] 53 Am Jur, Trial §§ 513, 693.
[5] 12 Am Jur, Contracts § 324.

2. SAME—SPOLIATION—PRESUMPTIONS—INTENT—BURDEN OF PROOF.

The rebuttable presumption raised against the spoliator of evidence can be applied only where there was intentional conduct indicating fraud and a desire to destroy and thereby suppress the truth, but it does not relieve the other party from introducing evidence tending affirmatively to prove his case, insofar as he has the burden of proof.

3. SAME—SPOLIATION.

Evidence presented in record on defendant building contractor's appeal from verdict and judgment for plaintiff plumber did not justify holding, as a matter of law, from the evidence that there was intentional conduct indicating fraud and a desire to destroy and thereby suppress the truth on the part of plaintiff by having a set of books made up and then discarding his original notes and memoranda.

4. TRIAL—OMISSION OF INSTRUCTION—REQUEST TO CHARGE—SPOLIATION OF EVIDENCE.

The trial judge's omission to charge on the matter of plaintiff's spoliation of records pertaining to the subject matter of the action was not error, where no request to charge on such point had been made.

5. CONTRACTS—PREPONDERANCE OF EVIDENCE—PLUMBER.

Evidence *held,* not to have clearly preponderated against jury's verdict for plaintiff plumber in action for sum due from defendant building contractor on material issues of fact relative to amount owed plaintiff under an oral contract on a house.

Appeal from Wayne; Brennan (John V.), J. Submitted April 4, 1957. (Docket No. 29, Calendar No. 47,050.) Decided September 4, 1957.

Action by Leonard Trupiano, doing business as Trupiano Plumbing & Heating Co., against George H. Cully, doing business as Spartan Engineering & Construction Company, for sums due on plumbing subcontract. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Henry E. Rice* (*Meyer Weisenfeld,* of counsel), for plaintiff.

*John G. Cross,* for defendant.

Edwards, J. A building contractor and a plumber had a dispute about whether or not the former owed the latter for fixtures and plumbing work performed under oral contract on a certain house. The plumber sued. In 2 jury trials he prevailed. (A new trial was granted in the first.) The record of the second jury trial is before us.

The only legal issue presented on appeal pertains to the effect of plaintiff's action in having a set of books made up for him and thereafter discarding his original notes and memoranda. Defendant claims that this action represented spoliation and cites the rule thereon from American Jurisprudence.

"It is a general rule that the intentional spoliation or destruction of evidence raises the presumption against the spoliator where the evidence was relevant to the case or where it was his duty to preserve it, since his conduct may properly be attributed to his supposed knowledge that the truth would operate against him." 20 Am Jur, Evidence, § 185, p 191.

The full section continues, however:

"Such a presumption can be applied only where there was intentional conduct indicating fraud and a desire to destroy and thereby suppress the truth. Moreover, while the spoliation of evidence raises a presumption against the person guilty of such act, yet such presumption does not relieve the other party from introducing evidence tending affirmatively to prove his case, insofar as he has the burden of proof. The spoliation or suppression of evidence is a circumstance open to explanation."

See, also, *Davis* v. *Teachout's Estate,* 126 Mich 135 (86 Am St Rep 531); *Pitcher* v. *Rogers' Estate,* 199 Mich 114.

We cannot hold as a matter of law from the evidence contained in the record that there was "in-

tentional conduct indicating fraud and a desire to destroy and thereby suppress the truth." At best, in the event the jury found destruction of records with an intent to suppress the truth, defendant was entitled to an inference that the original records, if available, would not prove favorable to plaintiff. The facts were certainly before the jury. Presumably they were argued.

In the absence of a request to charge on this point (and on another pertaining to a possible verdict in between the stated claims of plaintiff and defendant), we cannot hold the trial judge's omission of reference to the issue to be error. *Torma* v. *Montgomery Ward & Co.*, 336 Mich 468; *Kahn* v. *Minthorn*, 178 Mich 312.

All other material issues were issues of fact. Among these were defendant's claims (1) that the price of $1,900 (which both concede was agreed on) included the cost of the fixtures; (2) that he had paid in full for the job, and (3) that an attorney's letter written on behalf of plaintiff and claiming $1,750 due at that time was a final indication of the contract amount. Plaintiff's denial on all of these issues was supported by testimony and ultimately by the jury's verdict.

We have reviewed that record with care. The evidence does not clearly preponderate against the jury's verdict, which was entered as a judgment for plaintiff in the sum of $2,333.75 by the trial judge. We cannot think on this record that we would be justified in attempting to improve on the jury's decision. *Aho* v. *Conda,* 347 Mich 450; *Bishop* v. *New York Central R. Co.*, 348 Mich 345.

We affirm. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.