# STATE OF MICHIGAN

# COURT OF APPEALS

LEONORA MCIVER,

        Plaintiff-Appellant,

UNPUBLISHED
February 12, 2015

v

No. 318619
Oakland Circuit Court
LC No. 2010-111263-NO

ST. JOHN MACOMB OAKLAND HOSPITAL,

        Defendant-Appellee.

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

In this hospital slip and fall case, plaintiff Leonora McIver appeals as of right an order on remand granting defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

On March 13, 2008, plaintiff was admitted to the hospital after she lost consciousness in her physician's waiting room. Hospital records revealed that plaintiff suffered from multiple sclerosis and dementia and exhibited signs of confusion and unsteadiness on her feet. Hospital notes also indicated that plaintiff repeatedly attempted to get out of bed unassisted despite the hospital's use of safety restraints. On March 21 and 22, a "sitter" was assigned to assist plaintiff and the hospital maintained fall safety precautions.

On March 23, the sitter's services were discontinued. Plaintiff's complaint asserted that, at some later time, she fell from a chair that was placed on a wet floor in her hospital bathroom. Her complaint stated the following:

-1-

10. On or about March 23, 2008,[1] Plaintiff was in her hospital room and there was no sitter despite her need to bathe herself, but being unable to stand, she rang for assistance.

11. An employee of defendant placed a chair in the bathroom, in front of the sink, and left Plaintiff unattended to sit in the chair.

12. Plaintiff started to sit down when the chair flipped over throwing Plaintiff to the floor.

13. Plaintiff awakened on the floor with a deep laceration to her left forehead necessitating several stitches and producing considerable pain, discomfort and permanent scarring.

* * *

17. Plaintiff's fall and injuries were proximately caused by the carelessness and negligence of Defendant, or agents of Defendant, in the breach of aforesaid duties owed to Plaintiff by Defendant when leaving Plaintiff unattended to sit down in a chair on a wet floor in the bathroom under the exclusive control of Defendant.

Plaintiff's complaint also alleged that defendant failed to adequately assist and supervise plaintiff during her hospital stay.

On November 22, 2010, defendant filed a motion for summary disposition under MCR 2.116(C)(7) and (8). On March 2, 2011, the court granted defendant's motion, concluding that plaintiff's claims were procedurally defective because the claims sounded in medical malpractice rather than ordinary negligence. On appeal, this Court affirmed in part, reversed in part, and remanded for further proceedings, stating the following:

Despite their knowledge that McIver suffered from debilitation and dementia and had a history of falls, hospital personnel allegedly left her unattended on a chair situated on a wet floor. This decision clearly was not a *professional* one; rather, it involved an ordinary action in surroundings that a layperson can readily understand. If proven, these facts require no expert explanation because lay jurors can evaluate the reasonableness of the allegedly negligent acts by employing their common knowledge and experience.

---

[1] Although plaintiff's complaint asserts that she fell "[o]n or about March 23, 2008," hospital records show that plaintiff fell on March 24, 2008. An integrated progress note from plaintiff's physician indicates that on March 24 at 3:49 p.m., plaintiff's physician removed plaintiff's catheter and left the room, then two to three minutes later returned and found plaintiff down on the bathroom floor with a bleeding head wound.

On the other hand, the remaining allegations in McIver's complaint state professional negligence claims, and the circuit court properly dismissed them. . . . Thus, McIver is limited to proving that she fell in the manner set forth in the complaint, and that defendant's personnel unreasonably allowed her to remain unattended after seating her in an unstable chair located on a wet floor. [*McIver v St John Macomb Oakland Hosp*, unpublished opinion per curiam of the Court of Appeals, issued October 2, 2012 (Docket No. 303090), pp 6-7.]

On remand, defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff provided insufficient evidence demonstrating a genuine issue of material fact regarding whether defendant's personnel left plaintiff on an unstable chair on a wet floor in the hospital bathroom. The lower court granted defendant's motion and this appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court improperly granted defendant's summary disposition motion because there was a genuine issue of material fact regarding whether she fell in the manner set forth in her complaint. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion under MCR 2.116(C)(10) tests a complaint's factual sufficiency, and courts must consider the pleadings and other documentary evidence submitted by the parties in a light most favorable to the nonmoving party. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "Summary disposition under MCR 2.116(C)(10) is appropriately granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 461; 646 NW2d 455 (2002). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

To establish a prima facie case of ordinary negligence, a plaintiff must prove the following four elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co*, 489 Mich 157, 162; 809 NW2d 553 (2011). On remand, plaintiff was limited to proving "that she fell in the manner set forth in the complaint, and that defendant's personnel unreasonably allowed her to remain unattended after seating her in an unstable chair located on a wet floor."[2] Below, plaintiff presented evidence showing that a physician removed her catheter at 3:49 p.m. and then left the room. The record contains no evidence demonstrating that defendant's personnel later assisted plaintiff to the bathroom and sat her on an unstable chair on a wet bathroom floor. Plaintiff, the only person present at the time of the fall, testified as follows:

---

[2] *McIver v St John Macomb Oakland Hosp*, unpublished opinion per curiam of the Court of Appeals, issued October 2, 2012 (Docket No. 303090), p 7.

"[W]hat I vividly can see is when I went into the bathroom and then closed the door, and all I can remember is just seeing red just streaming down my face. After that, everything else is blank." Plaintiff did not testify that there was an unstable chair in the bathroom or that the hospital bathroom floor was wet at the time. None of the other witnesses knew of the immediate circumstances surrounding plaintiff's fall.

Because evidence in the record does not identify the immediate circumstances surrounding plaintiff's fall, there are multiple plausible explanations for what may have occurred. In opposing a motion for summary disposition, a party cannot establish a genuine issue of material fact through conjecture and speculation. *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). A theory is speculative when there are multiple plausible explanations for the same condition or result. *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994). Plaintiff's theory that she fell after defendant's personnel sat her on an unstable chair on a wet bathroom floor is speculative because the minimal evidence in the record fails to rule out other equally plausible explanations for her fall. Therefore, the lower court did not err in granting defendant's motion for summary disposition.

Plaintiff also argues that the lower court should have drawn an adverse inference against defendant because defendant did not produce hospital cleaning schedules and furniture records. We disagree. Under the adverse inference principle, "[a] jury may draw an adverse inference against a party that has failed to produce evidence only when: (1) the evidence was under the party's control and could have been produced; (2) the party lacks a reasonable excuse for its failure to produce the evidence; and (3) the evidence is material, not merely cumulative, and not equally available to the other party." *Ward v Consol Rail Corp*, 472 Mich 77, 85-86; 693 NW2d 366 (2005).

Plaintiff has provided no examples of courts applying the adverse inference principle in the context of a motion for summary disposition, and this Court is not obligated to discover and rationalize the basis for plaintiff's claims. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). Moreover, plaintiff does not explain how the trial court's failure to draw an adverse inference altered the court's summary disposition analysis. In the context of a motion under MCR 2.116(C)(10), the trial court was already required to draw all reasonable inferences in favor of plaintiff. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). Plaintiff has not addressed how an additional "adverse inference" would have altered the trial court's analysis under this rule. Accordingly, the lower court did not err in granting defendant's motion for summary disposition.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola