*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF GLADYS MAE JONES, by
CLARENCE JONES, Personal Representative,

UNPUBLISHED
April 16, 2019

Plaintiff-Appellant,

v

No. 340634
Wayne Circuit Court
LC No. 15-014801-NO

VHS SINAI-GRACE HOSPITAL INC,

Defendant-Appellee.

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

In this premises liability action, the estate of Gladys Mae Jones, by Clarence Jones, as Personal Representative (the Estate), appeals the trial court's grant of summary disposition under MCR 2.116(C)(10) in favor of defendant, VHS Sinai-Grace Hospital, Inc. (the Hospital), on the basis of the open and obvious doctrine. In addition, the Estate challenges the trial court's denial of the Estate's request for a spoliation instruction for the destruction of evidence. On appeal, the Estate argues the trial court erred when it declined to allow the jury instruction and, in turn, granted summary disposition in favor of the Hospital. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of injuries Gladys sustained when she was allegedly struck by the Hospital's automatic revolving door. On January 13, 2014, Gladys visited the Hospital for a scheduled appointment. Shirley Cox, who was Gladys's friend, testified that she drove Gladys to the hospital. After dropping Gladys off, Cox walked into the building and saw her friend in a wheelchair. Cox talked to an "attendant" who said that Gladys was hit by the door. Cox was not able to talk to Gladys personally. The hospital incident report indicated that Gladys fell while exiting the building, and after the fall, the valet parking staff transported her to triage. When the reporting officer talked with the person at the triage information desk, that person at the desk told the officer that Gladys said: "As I stepped to exit the main lobby through the revolving door it struck me on my left side of the body causing me to fall to the ground." According to Gladys's medical records, the emergency department treated her for complaints of "pain to her left hip that

-1-

began after she fell at the hospital today trying to exit." The medical record also stated, "The patient says she was in a revolving door she [sic] was struck from behind by the revolving door and fell to the ground." After the fall, Gladys could not ambulate, and she said her pain was a 10 out of 10 in her left hip. Gladys was diagnosed with an "acute left femoral neck fracture with mild displacement" and was admitted to trauma surgery for a surgical procedure that was to be performed the next day.

On November 13, 2015, Gladys, in her individual capacity, filed her complaint against the Hospital and Pontiac Ceiling and Partition Company, LLC, doing business as National Door Systems, LLC.[1] Gladys alleged general negligence and premises liability against the Hospital and Pontiac Ceiling for the negligent operation and maintenance of the revolving door. On November 2, 2016, the trial court entered a stipulated order substituting the Estate for Gladys because she had passed away. After the close of discovery, the Hospital filed its motion for summary disposition arguing that the revolving door posed an open and obvious condition without special aspects that made it unreasonably dangerous. The Hospital asserted that because (1) the revolving door was scrapped in a renovation project, and (2) Gladys passed away from unrelated causes before she could provide deposition testimony, there were no means on which Gladys could carry her burden of proof.

Before responding to the motion for summary disposition, the Estate filed a motion for a jury instruction on the spoliation of evidence. According to the Estate, the Hospital had failed to produce video surveillance of the front entrance of the building, any documents or manuals relating to the revolving door, or the revolving door itself—which was destroyed during a renovation of the hospital. The Estate then filed a response to the Hospital's motion for summary disposition. The Estate argued that Gladys's injuries were a direct result of the Hospital's poorly maintained, outdated, and defective revolving door. According to the Estate, when functioning properly, a revolving door should not strike a person attempting to use it. Moreover, the Estate argued that there was evidence that the security guard told her after she fell to the ground that the door was bad and should have been fixed. Thus, with this evidence coupled together, the trial court should not grant summary disposition in favor of the Hospital because any defect was latent—not open and obvious.

After conducting a hearing on the two motions, the trial court entered an order denying the Estate's motion for a jury instruction on the spoliation of evidence and granting the Hospital's motion for summary disposition. The trial court first concluded that the Estate could not prove the first two prongs of the spoliation test, i.e., that the evidence was under the party's control and could have been produced, and the party lacked a reasonable excuse for its failure to produce the evidence. Turning to the Hospital's motion for summary disposition, the trial court concluded that the hazardous condition presented by the automatic revolving door was open and obvious "because such doors are a common everyday occurrence and an average user with ordinary intelligence would have discovered any danger or risk presented upon casual

---

[1] On July 13, 2016, the trial court entered an order dismissing without prejudice defendant Pontiac Ceiling.

inspection." Thus, "[f]rom an objective perspective, a reasonable person in the decedent's position would have foreseen—and thus avoided—any danger." The trial court denied the Estate's motion for reconsideration, and this appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision whether to sanction a party for spoliation of evidence. *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997). An abuse of discretion occurs when the decision falls outside the range of principled outcomes. *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

This Court reviews de novo rulings on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 469 (2003). In ruling on a motion under MCR 2.116(C)(10), a trial court may "consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

## III. ANALYSIS

The Estate first argues that it is entitled to a jury instruction based on the Hospital's spoliation of evidence. We disagree.

"Even when an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *Brenner*, 226 Mich App at 162. "A jury may draw an adverse inference against a party that has failed to produce evidence only when: (1) the evidence was under the party's control and could have been produced; (2) the party lacks a reasonable excuse for its failure to produce the evidence; and (3) the evidence is material, not merely cumulative, and not equally available to the other party." *Ward v Consolidated Rail Corp*, 472 Mich 77, 85-86; 693 NW2d 366 (2005).

The Estate contends that it is entitled to a jury instruction on the spoliation of evidence because the Hospital had control of (1) the revolving door that caused the injury, (2) other documentation about the revolving door, and (3) a surveillance video of the fall, but still the Hospital could not produce this evidence and did not have a reasonable excuse for its failure to do so. In fact, the Estate alleges that the Hospital knew about the fall and even treated Gladys's injuries before it disposed of the evidence. Even worse, the Estate's counsel had forwarded a retention letter to the Hospital and requested the surveillance video of the fall be preserved, which was well before the destruction of the revolving door. Thus, the Estate claims that the trial court should have concluded that it was entitled to the jury instruction. This argument fails.

The parties agree that the evidence was not equally available and, if produced, would have been material rather than cumulative. Therefore, the issue turns on the first two elements of the spoliation test. The Hospital argues that the Estate cannot provide any proof that documentation about the revolving door or a surveillance video of the incident actually existed; thus, a jury instruction is not warranted because there is no proof that the Hospital was ever in control of such evidence. The Hospital further argues that the destruction of the automatic revolving door does not merit a spoliation instruction because it had a reasonable excuse given the multi-million dollar renovation that began two years before Gladys's injuries. We agree.

First and foremost, there is no indication on the record that documentation relating to the revolving door or surveillance video of the incident even existed. Therefore, the Estate cannot show that the Hospital had control of this purported evidence. The Hospital indicated in its answers to discovery that the revolving door was installed when the hospital was built, and it has not uncovered any manuals or other materials related to the automatic revolving door. As to the video surveillance, the security officer testified at his deposition that no video footage of the incident exists either because the camera was off or not functioning at the time. Because the Estate has provided no evidence showing otherwise, the trial court did not abuse its discretion when it held that there was no spoliation of evidence on these grounds. *Brenner*, 226 Mich App at 160.

We similarly conclude that the trial court did not abuse its discretion when it denied the Estate's motion for a spoliation instruction based on the Hospital's destruction of the automatic revolving door.

The record indicates that the Hospital began a large-scale, multi-million dollar renovation of the hospital in 2012—two years before Gladys was injured. While the revolving door was not replaced until after the accident, it was replaced as part of the regular course of the renovation. On this record, the trial court did not abuse its discretion when it concluded that the Hospital set forth a reasonable excuse for its failure to produce the revolving door. Therefore, the trial court did not err when it denied the Estate's motion for a spoliation instruction. And as will be discussed in more detail below, even if the trial court so erred, the Estate still failed to raise a genuine issue of material fact for trial.

Next, the Estate argues the trial court erred when it granted the Hospital's motion for summary disposition on the basis of the open and obvious doctrine. We disagree.

To succeed on a premises liability claim, a plaintiff must prove the elements of negligence: duty, breach, causation, and damages. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). In this case, the parties do not dispute that Gladys was an invitee. "Generally, an owner of land 'owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.'" *Id*. (citation omitted).

Our courts have long held that the duty to exercise reasonable care "does not extend to open and obvious dangers." *Id*. at 693. When "dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on

-4-

behalf of the invitee." *Id*. (quotation marks and citation omitted). "The standard for determining if a condition is open and obvious is whether an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008) (quotation marks and citation omitted). "[T]he test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Id*. at 479.

The automatic revolving door constituted an open and obvious condition, and therefore, the trial court did not err when it granted the Hospital's motion for summary disposition. As the trial court properly held, automatic revolving doors, such as the one that Gladys used in this case, are commonplace in today's society. In fact, the evidence indicates that Gladys had walked through the revolving door without incident when she entered the hospital, and she fell as she attempted to exit the building.[2] Thus, Gladys had knowledge of the door's operation, including how fast it rotated. An average user of ordinary intelligence would have been able to discover the danger associated with walking slowly through the automatic revolving door.

The Estate further argues that the revolving door malfunctioned, constituting a latent defect that Gladys could not have discovered upon casual inspection. The record, however, contains no evidence that suggests the door malfunctioned. In fact, the only evidence about the door's operation is from the testimony of the Hospital's director of plant operations, who explained that the door would stop once the "kick plate" at the bottom of the door makes contact with a person walking too slowly. The mere fact that Gladys fell when the door made contact with her does not alone create a question of fact sufficient to overcome summary disposition. Thus, the trial court did not err when it granted summary disposition based on the open and obvious doctrine.

Furthermore, while not addressed by the trial court, we also conclude that even if the hazardous condition was not open and obvious because it constituted an undetectable latent defect, the Estate has not shown that the Hospital had notice of the malfunctioning door. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (quotation and citation omitted) ("A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect."). The record contains no evidence that the Hospital knew or should have known that the door was defective and would malfunction. The Hospital indicated that there were no repairs made to the door within the last five years or any documented incidents involving the door and other invitees. Instead, the Estate asserts that Gladys had told her husband what the security guard said after the fall—that the security guard

---

[2] We note the lack of evidence relating to the circumstances of the fall. The only potentially admissible evidence that the revolving door was even related to Gladys's fall is from the security guard who talked to Gladys after she fell and Gladys's medical record, which states: "The patient says she was in a revolving door she [sic] was struck from behind by the revolving door and fell to the ground."

-5-

knew the door needed to be fixed. However, any statement from Gladys to her husband about what the security guard told her constitutes inadmissible hearsay within hearsay without any applicable exception, MRE 805, and it cannot be used to survive summary disposition.[3] Thus, there was no evidence that the Hospital had notice of the hazardous condition, and summary disposition was proper.[4]

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[3] Any testimony from Clarence as to what Gladys said she heard earlier from a security guard does not fall under any applicable exception, such as a present sense impression or excited utterance under MRE 803(1) or (2). Statements from Gladys would also not be admissible because of Gladys's unavailability under MRE 804. Additionally, the security guard's statement also constituted inadmissible hearsay that does not fall under any applicable exception. Therefore, the statements were not admissible and cannot be considered at the summary disposition phase. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009) (stating that evidence must be admissible in its content or substance at the summary disposition phase).

[4] The Estate also argued that the trial court erred when it denied the motion for reconsideration. We disagree. This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). The party moving for reconsideration must demonstrate "a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). On appeal, the Estate simply raises the same arguments posed in its spoliation and premises liability claims. To the extent the Estate argues that the trial court failed to consider the destruction of the revolving door, as well as the lack of materials relating to it, when it made its decision on the spoliation of evidence, this argument fails. The trial court explained that it had considered the parties' arguments fully before rendering its decision. Therefore, the trial court's ruling did not constitute an abuse of discretion.