*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARLENE H. WAGNER,

        Plaintiff/Counterdefendant-Appellant,

v

MICHELLE D. WAGNER,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
June 13, 2024

No. 366772
Jackson Circuit Court
LC No. 2021-001782-CH

Before: MALDONADO, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's final judgment awarding her money damages from defendant for failure to pay rent and utilities. On appeal, plaintiff challenges the circuit court's earlier judgment in which the court awarded defendant a future interest in plaintiff's property after plaintiff's death. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is the owner of real property located at 3821 Chapel Road in Spring Arbor, Michigan. Defendant's ex-husband, Ronald Wagner, is plaintiff's stepson. Thus, although plaintiff and defendant share a last name, they are not related through any formal familial bonds. In December 2016, plaintiff was involved in a car accident resulting in her needing extra care and assistance at her house. Defendant had been recently evicted from her house, and so defendant moved in with plaintiff. As testified at trial, plaintiff offered to leave defendant the house in exchange for defendant providing plaintiff with help. This agreement was never reduced to writing; however, on June 5, 2018, plaintiff executed a "Lady Bird" warranty deed[1] granting a future interest in the property to defendant and her son, Thomas Baxter.

---

[1] "A Lady Bird deed conveys an enhanced life estate that reserves to the grantor the rights to sell, commit waste, and almost everything else." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 687 n 2; 880 NW2d 269 (2015) (quotation marks and citation omitted; cleaned up).

After approximately one year, the relationship between the parties became acrimonious. Plaintiff accused defendant of verbal, financial, and physical abuse, and defendant accused plaintiff of taking advantage of her financially. On December 10, 2019, plaintiff executed another Lady Bird quitclaim deed, revoking the transfer of interest to defendant and her son, and instead giving a future interest in the property to plaintiff's friend, Zella Rose. After executing the new deed, plaintiff sought to evict defendant from her home by filing a complaint for eviction in the district court.

In the district court, defendant counterclaimed, asserting that plaintiff breached the agreement she made to convey the property to defendant upon her death. Defendant's complaint proceeded on theories of breach of contract, fraudulent misrepresentation, and promissory estoppel. The case eventually proceeded to trial, after which the jury found in favor of defendant on her breach-of-contract and promissory-estoppel claims, but did not find that defendant established fraud by clear and convincing evidence. Giving effect to the jury's verdict, the circuit court entered judgment by revoking the 2019 deed giving Rose a future interest and reforming the 2018 deed to resurrect defendant's interest and remove the Lady Bird language. Plaintiff moved for reconsideration, which the court denied. This appeal followed.

## II. JURY INSTRUCTIONS

Plaintiff argues on appeal that the circuit court erred when it failed to instruct the jury on the operation of Lady Bird deeds. Plaintiff also argues that the circuit court should have instructed the jury on the statute of frauds. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo claims of instructional error. *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 8; 651 NW2d 356 (2002).

## B. ANALYSIS

Plaintiff contends that the circuit court abused its discretion when it failed to instruct the jury on the operation of a Lady Bird deed and when it failed to instruct the jury on the statute of frauds. According to plaintiff, without an explanation of how such deeds work, the jury could not understand the theory of plaintiff's case and why plaintiff chose to execute a Lady Bird deed. Concerning the statute of frauds, plaintiff contends that the agreement in this case was an oral agreement between the parties for the conveyance of real property, which is subject to the statute of frauds.

Under MCR 2.512(B)(2), the circuit court must "instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case." In the circuit court, plaintiff requested an instruction concerning the operation of Lady Bird deeds. When the circuit court questioned plaintiff as to why such an instruction would be needed when the court would determine the remedy, plaintiff responded the reason was so the jury "can understand the purpose of it and what—the way it's written is not your typical quit claim deed, warranty deed, that immediately conveys interest." The court stated it did not "need to give [the jury] a jury instruction on that. But if you want to mention it in your argument, you can certainly do that."

-2-

Indeed, during plaintiff's closing argument, her attorney explained to the jury what a Lady Bird deed was:

> And so ultimately, as I stated in the beginning of all of this, the type of deed that [plaintiff] did was a transfer on death deed. And in that deed, which you have as an exhibit, you'll be able to read the specific language that—(undecipherable)— had the ability to do with the property as she pleases.

Assuming for the purposes of argument that plaintiff is correct that the circuit court should have given an instruction on the operation of the Lady Bird deed, plaintiff cannot show that any such error was outcome-determinative. Under MCR 2.613(A),

> an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

An error warrants reversal under MCR 2.613(A) if the error is outcome-determinative, *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017), or "it significantly interfered with the jury's ability to decide the case intelligently, fairly, and impartially," *Ward v Consol Rail Corp*, 472 Mich 77, 87; 693 NW2d 366 (2005) (quotation marks omitted).

Plaintiff is unable to show that any instructional error concerning the operation of the Lady Bird deed was outcome-determinative or interfered with the jury's ability to decide the case. As demonstrated above, plaintiff explained that the Lady Bird deed gave plaintiff the "ability to do with the property as she pleases." The jury was asked to determine whether plaintiff and defendant had an agreement under which plaintiff would give defendant the house in exchange for assistance and whether plaintiff breached that agreement. The jury answered those questions in the affirmative. Whether the underlying deed was a Lady Bird deed or otherwise was immaterial to this question.

Plaintiff did not otherwise object to the court's proposed jury instructions. When the circuit court asked plaintiff's attorney whether she was "okay with the instructions," she responded: "I'm okay with all of—the only other thing I wanted to mention was information regarding the transfer on death deed and how that works." By affirmatively approving the court's instructions (with the exception of the explanation of the Lady Bird deeds), plaintiff waived any claim of instructional error on appeal. *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 545; 854 NW2d 152 (2014) ("A party is deemed to have waived a challenge to the jury instructions when the party has expressed satisfaction with, or denied having any objection to, the instructions as given."). "A waiver extinguishes any instructional error and appellate review is precluded." *Id*. Thus, because plaintiff affirmatively waived the argument on appeal that the circuit court erred when it failed to instruct the jury on the statute of frauds, appellate review of that issue is foreclosed. See *id*.

### III. REMEDIES

Next, plaintiff contends that the trial court erred when it reformed the 2018 deed and revoked the 2019 deed. According to plaintiff, specific performance of the agreement was not proper and any remedy should have been through money damages. We disagree.

## A. STANDARDS OF REVIEW

"When reviewing a grant of equitable relief, we will set aside the trial court's findings of fact only if they are clearly erroneous, but whether equitable relief is proper under those facts is a question of law that we review de novo." *Gleason v Kincaid*, 323 Mich App 308, 317; 917 NW2d 685 (2018). "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Seifeddine v Jaber*, 327 Mich App 514, 516; 934 NW2d 64 (2019) (quotation marks and citation omitted).

## B. ANALYSIS

As an initial matter, plaintiff failed to preserve this issue by raising it for the first time in her motion for reconsideration after the trial court issued its judgment. See *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) ("Where an issue is first presented in a motion for reconsideration, it is not properly preserved."). By failing to preserve the issue for appeal, "this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, ___ Mich App ___; ___ NW2d ___ (2023), slip op at 3. We may overlook preservation requirements, however, "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (quotation marks and citations omitted). In this case, the issue presented by plaintiff involves legal questions for which the facts necessary for resolution are in the record. Accordingly, we exercise our discretion to overlook the preservation requirements and will address the merits of plaintiff's argument.

In our view, plaintiff's argument misconstrues defendant's cause of action. Defendant asserted two relevant claims against plaintiff: breach of contract and promissory estoppel. In both claims, defendant alleged that plaintiff promised to give defendant the property in exchange for providing plaintiff with help and assistance. On these counts, the jury found in favor of defendant. Plaintiff is correct insofar as in an action to reform a written instrument, the court has authority to do so only in circumstances involving "accident, inadvertence, mistake, fraud, or inequitable conduct[.]" *In re Rhea Brody Living Trust*, 321 Mich App 304, 324; 910 NW2d 348 (2017), vacated in part on other grounds 501 Mich 1094 (2018) (quotation marks and citation omitted). But defendant's causes of action for which the jury found in her favor were not specifically for reformation of a written conveyance, but rather specific performance of the agreement between plaintiff and defendant.

On that point, "the power to grant specific performance rests within the sound discretion of the court." *Zurcher v Herveat*, 238 Mich App 267, 300; 605 NW2d 329 (1999) (quotation marks and citation omitted). "[S]pecific performance of a contract for the purchase of real estate may not be arbitrarily refused, but in the exercise of sound legal discretion should be granted, in the absence of some showing that to do so would be inequitable." *Id*. (quotation marks and citation omitted). Here, the circuit court's decision to order specific performance of the agreement between

plaintiff and defendant was not an abuse of its discretion. Giving full effect to the jury's verdict, the circuit court concluded that plaintiff and defendant agreed that plaintiff would leave defendant the property in exchange for defendant providing care and assistance, which she did. Thus, in order to effectuate that verdict, the circuit court was required to consider whether specific performance of the agreement was proper. See *Zurcher*, 238 Mich App at 301 (stating that if on remand the trial court finds there to be a binding contract, "the trial court should clearly enter a decree for specific performance of the appropriate terms and conditions").

Plaintiff asserts that specific performance is not appropriate in this case because the 2019 quitclaim deed gave the property to Zella Rose, who was a good-faith purchaser, citing *Soloman v Western Hills Dev Co*, 110 Mich App 257; 312 NW2d 428 (1981).[2] Accordingly, plaintiff asserts that defendant was only entitled to receive what she would have on rescission, i.e., the amount already paid plus interest. But this argument ignores the fact that the circuit court had the discretion, if equity required, to order specific performance in lieu of money damages. See *Zurcher*, 238 Mich App at 301. The jury found that plaintiff breached the agreement she made with defendant to leave her the property after she died. In order to effectuate that promise, the circuit court exercised its discretion and reformed the 2018 warranty deed. This was not an abuse of the court's discretion.

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

---

[2] Cases published before November 1, 1990, are not binding but may be considered for their persuasiveness. MCR 7.215(J)(1).