*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAPHAELA ALLEN, Legal Guardian of MACK KELLY, III,

UNPUBLISHED
September 22, 2022

Plaintiff-Appellant,

v

No. 357231
Oakland Circuit Court
LC No. 2019-177801-NO

SPRING LOADED I, LLC,

Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

RONAYNE KRAUSE, P.J. *(concurring)*

I concur in the result reached by the majority. However, I do so on the basis of slightly different reasoning.

First, although the Trampoline Court Safety Act, MCL 691.1731 *et seq*., bars claims for injuries arising out of the risks necessarily inherent in trampolining or in properly-maintained trampoline courts, I do not believe it bars claims based upon improperly installed or maintained trampoline court equipment. The majority correctly observes that participants in recreational activities inherently accept the risks inherent in that activity. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999). Furthermore, MCL 691.1736 outlines some of the specific risks inherent in trampolining that participants must accept. However, Trampoline court operators are expressly required to comply with certain safety design and maintenance standards. MCL 691.1733(b)-(c). The risks inherent in an activity do not necessarily include risks caused by improper design or maintenance of that activity's facilities. Because plaintiff has alleged improper design or maintenance, I would not hold that her claim is necessarily barred by the Trampoline Court Safety Act.

Furthermore, I find it necessary to address plaintiff's spoliation of evidence argument. The merits of that argument are somewhat unclear. On the one hand, it is difficult to say that an estate sale is an entirely voluntary act, and the estate sale occurred after discovery had closed. Conversely, the estate sale occurred after the trial court specifically informed the parties that it wanted photographs of the actual trampolines, implicitly making access to the actual trampolines

a matter of concern to both parties. At a minimum, it is not obvious that plaintiff should not be entitled to an adverse inference because of the loss of the trampoline equipment that was in defendant's possession.

However, pursuant to *Trupiano v Cully*, 349 Mich 568, 570; 84 NW2d 747 (1957), the party with the ultimate burden of proof cannot establish a claim on the basis of such an inference alone. In response to a motion for summary disposition, the non-moving party may not rely on a mere promise to produce evidence in support of a claim at trial, but rather must present evidence or specific facts establishing that there is a genuine question of material fact for trial. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). In other words, plaintiff was required to present affirmative proof *in addition to* any adverse inference showing that the trampoline court was improperly designed or maintained. In response to questioning from the trial court, however, plaintiff largely refused to do so, pledging that she would produce such evidence at trial, seemingly in the form of rebuttal witnesses. Otherwise, she presented only an unsupported design-defect theory based on speculation, and she also presented what the trial court reasonably described as an untenable *res ipsa loquitur* argument. Where there are risks necessarily inherent in an activity, the fact that a participant sustains an injury is not, by itself, enough to show that there was a defect in the premises.

I do not condone the loss of the trampoline court equipment. Nevertheless, because plaintiff was obligated to present affirmative proofs in support of her claims irrespective of her entitlement to an adverse inference, and because plaintiff failed to establish that she had any such affirmative proofs in response to defendant's motion for summary disposition, I am constrained to conclude that summary disposition was correctly granted in defendant's favor.

/s/ Amy Ronayne Krause